PETERS, J.—I concur.
I congratulate the author of the main opinion on a scholarly and correct analysis of the problems involved. I agree with his conclusion that, if there is to be a change in the rule of the M’Naughton ease, it should be made by the Legislature and not by this court.
In the past, I have felt some dissatisfaction with the rigid application of the M’Naughton rule. Shortly after the adoption in 1927 of the provisions of the Penal Code providing *55 for a bifurcated trial where an accused pleads not guilty and not guilty by reason of insanity, this court decided a series of cases rigidly restricting the admissibility of evidence of mental condition on the trial of the guilt issue. As the main opinion correctly points out, the rigid rules then adopted are no longer the law of this state. As I understand the recent decisions of this court, relevant evidence of an accused’s mental condition affecting intent where intent is an element of the crime charged is now admissible on the trial of the guilt issue. Thus the basis of my dissatisfaction with the rigid application of the M’Naughton rule no longer exists.
For these reasons I concur with the reasoning and holding in the majority opinion.